O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADRIAN MOON, | Case No. CV 12-2456-RGK (MLG) |
| Petitioner, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| P.L. VASQUEZ, Warden, | |
| Respondent. | |

Petitioner, a California state prisoner, filed a petition for writ of habeas corpus on March 21, 2012. Along with the petition, he filed a motion for appointment of counsel and motion for release on bail pending the resolution of the petition. On March 21, 2012, Magistrate Judge Marc L. Goldman entered an order denying the two motions.

After objections were rejected and a request for reconsideration was denied, Petitioner filed a notice of emergency appeal in the United Stated Court of Appeals for the Ninth Circuit on May 14, 2012. It has come to the Court's attention that on May 16, 2012, the Ninth Circuit stayed further filings in the interlocutory appeal until the district court's determination on whether a certificate of

appealability should issue.

Ordinarily, before a petitioner may appeal the Court's dispositive decision dismissing his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).

Here, no dispositive decision has been entered. And the Ninth Circuit has held that an appeal from a magistrate judge's denial of bail pending a decision on a habeas corpus petition is not an appeal from a final judgment nor a valid interlocutory appeal under the collateral order exception. *Land v. Deeds*, 878 F.3d 318 (9th Cir. 1989). But in light of the order staying appellate proceedings pending a determination on whether the certificate should issue, the Court will assume that one is available under these circumstances.

The court determines whether to issue or deny a COA pursuant to standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253©. A COA may be issued only where there has been a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*, 537 U.S. at 330. As part of that analysis, the Court must determine whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484, *See also Miller-El*, 537 U.S. at  338.

As to Petitioner's request for bail, this Court found that: "[b]ail pending a decision in a habeas case is reserved for extraordinary cases involving special circumstances or a high probability of success." *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989).

Neither showing has been made in this case.

Petitioner has similarly not shown circumstances revealing that appointed counsel is necessary to prevent a due process violation from occurring. *Pennsylvania v. Finley* 481 U.S. 551, 555 (1987). *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A(a)(2)(B). Petitioner is more than capable of presenting his claims to the Court. In the absence of special circumstances, the exercise of judicial discretion denying the appointment of counsel on habeas review does not implicate any constitutional right.

Jurists of reason would not find it debatable whether this Court was correct in its rulings denying bail and appointment of counsel. *Slack*, 529 U.S. at 484, *See also Miller-El* at 123 S.Ct. at 1036. Therefore, petitioner is not entitled to a COA.

Dated: June 14, 2012

Honorable R. Gary Klausner
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3