

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ADRIAN MOON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>P.L. VASQUEZ, Warden,<br><br>　　　　Respondent. | Case No. CV 12-2456-RGK (MLG)<br><br>ORDER DENYING MOTION FOR RELIEF<br>FROM JUDGMENT |

I. **Factual and Procedural Background**

　　This is a pro se petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted on May 18, 2010, following a jury trial in the Los Angeles County Superior Court, of nineteen counts of offering to file a false or forged instrument (Cal. Penal Code § 115); six counts of attempted grand theft (Cal. Penal Code §§ 664, 487); six counts of forgery (Cal. Penal Code § 470); three counts of preparing false documentary evidence (Cal. Penal Code § 134); and four counts of offering false evidence (Cal. Penal Code § 132). On September 9, 2010, Petitioner was sentenced to a prison term of twenty

years.[1]

On March 21, 2012, after the denial of the direct appeal and innumerable state habeas corpus petitions, Petitioner filed a petition for writ of habeas corpus in this case, in which he raised ten categories of claims for relief: 1) "judicial bias"; 2) "denial of choice of counsel and self-representation"; 3) "variance"; 4) "denial of speedy trial guarantee"; 5) "right to testify over counsel's objection"; 6) grand jury discrimination; 7) "denial of public trial"; 8) "*Brady* and *Brooker* violations"; 9) ineffective assistance of trial and appellate counsel; and 10) "prosecutorial misconduct." (Pet. at 5-6, Attachments). Petitioner also asserted multiple additional sub-claims falling within these broader categories of relief. On May 24, 2011, Respondent filed a motion to dismiss, contending that many of Petitioner's claims were unexhausted.

On July 5, 2012, Magistrate Judge Marc L. Goldman issued a Report and Recommendation finding that grounds 2, 3, 7, 8, and portions of ground 9 had not been exhausted in the state courts. Petitioner was given the option of amending the petition to dismiss the unexhausted claims or dismissing the petition in its entirety. *Jefferson v Budge*, 419 F.3d 1013, 1015-16 (9th Cir. 2005). Petitioner did not avail himself of either of these remedies, and instead filed objections to the Report. On August 9, 2012, this entered an order and judgment dismissing the petition without prejudice. No appeal was taken from this order.

//

---

[1] On December 14, 2011, the California Court of Appeal vacated the conviction on one of the counts and stayed the sentences imposed on several others, resulting in a sentence reduction of forty months.

1  Petitioner subsequently filed another habeas corpus petition
2  challenging the same judgment. *Moon v. Spearman*, Case No. 12-7211-RGK
3  (MLG). That petition is still pending.
4  On February 8, 2013, Petitioner filed an "Emergency" Motion for
5  Relief From Judgment. For the reasons discussed below, Petitioner's
6  motion is DENIED.

**II. Discussion.**
**II. Discussion**

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party from final judgment for the reasons given in one of six clauses. These include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). Motions based on the first three clauses must be brought within one year of the entry of judgment, while motions relying upon the fourth, fifth, or sixth clause must be brought "within a reasonable time." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004)(citing Rule 60(b)).

Petitioner brings this motion pursuant to the third and sixth clauses of the rule. Clause three permits relief when there is a showing of fraud, misrepresentation or misconduct by the opposing party. Clause six is the "catch-all" provision. Petitioner has failed to demonstrate an entitlement to relief under clause three. To the extent that the argument can be understood, it is apparent that Petitioner is simply attempting to relitigate the finding that certain claims in this petition were unexhausted. The only fraud is in

Petitioner's mind.

Relief under clause six is available only in extraordinary circumstances, *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005)(citing *Ackerman v. United States*, 340 U.S. 193, 199 (1950)), and should be provided only "sparingly and as an equitable remedy to prevent manifest injustice." *Hamilton*, 374 F.3d at 825 ("A party is entitled to relief under Rule 60(b)(6) where 'extraordinary circumstances prevented [him] from taking timely action to prevent or correct an erroneous judgment.'")(citations omitted). Petitioner has failed to demonstrate any extraordinary circumstance that would warrant relief from this judgment.

### III. Conclusion

For the reasons discussed above, Petitioner's motion for relief from judgment is DENIED. No additional motions for reconsideration, rehearing, or other relief shall be entertained under this case number. The Court is will reject any additional filings under this case number.

Dated: Feb. 21, 2013

R. Gary Klausner
United States District Judge

Presented by:

Marc L. Goldman
United States Magistrate Judge

4